UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD F. SIFTON,<br>    Plaintiff,<br><br>        v.<br><br>CITY OF NORTH ADAMS, KEVIN<br>FITZPATRICK, TREVOR MANNING, and<br>IVAN CARDENO,<br>    Defendants. | )<br>)<br>)<br>)   Case No. 3:21-cv-30057-KAR<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PROSECUTION
(Dkt. No. 28)

Plaintiff Richard F. Sifton ("Plaintiff") filed the complaint in this matter on May 11, 2021, alleging excess use of force during his arrest by defendant police officers Kevin Fitzpatrick, Trevor Manning, and Ivan Cardeno (Dkt. No. 1). Plaintiff was incarcerated in the Berkshire County House of Correction when he filed his complaint. On May 27, 2021, the defendants filed their answer to the complaint (Dkt. No. 13), and the parties consented to this court's jurisdiction for all purposes (Dkt. No. 14). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. On June 9, 2022, the court granted Plaintiff's motion to proceed *in forma pauperis* and denied his motion for appointment of counsel (Dkt. No. 17). On June 9, 2021, the court issued a Notice of Payment of Filing Fee to the Berkshire County House of Correction requesting payment of $26.00 within ten business days of receipt of the notice (Dkt. No. 18). On June 22, 2021, the court docketed a letter from the Berkshire County House of Correction, dated June 17, 2021, notifying the court that Plaintiff had been released from custody on June 11, 2021 and that all proceeds of his inmate account were paid to him at that time (Dkt. No. 19). Plaintiff did not update his address with the court when he was released from custody. On July 26, 2021,

correspondence addressed by the court to Plaintiff was returned as undeliverable. On August 18, 2021, the defendants moved that the court schedule an initial Fed. R. Civ. P. 16 conference in the case (Dkt. No. 21). The court granted the motion (Dkt. No. 22). The court's mailing to Plaintiff notifying him of the date and time of the conference was again, not surprisingly, returned as undeliverable, and Plaintiff did not appear at the Rule 16 scheduling conference. Plaintiff has not reached out to the court to ask about the status of his case since his release from the Berkshire County House of Correction. Without an address for Plaintiff, scheduling a show cause hearing to consider whether the case should be dismissed for failure to prosecute would be an empty exercise.

"It was incumbent upon Plaintiff to ensure that the court has his correct address. *See* L.R. 83.5.5(h) (D. Mass.)." *Pedeira v. United States Fed. Bureau of Prisons*, Civil Action No. 18-cv-12535-IT, 2020 WL 1274134, at *2 (D. Mass. Mar. 17, 2020) (citing *Norlander v. Plasky*, 964 F. Supp. 39, 41-42 (D. Mass. 1997)). Because Plaintiff has made no effort to prosecute his case in the six months that have passed since the defendants filed their answer, and the court has no means to communicate with him, the court will grant the defendants' motion to dismiss for failure to prosecute. Dismissal shall be without prejudice to Plaintiff filing a motion within 45 days to reopen this action. If Plaintiff does not do so, the case will be closed on the court's docket. Thereafter, Plaintiff may file a new action at any time before the expiration of the statute of limitations. The Clerk's Office shall send a copy of this order to the last address the court has in its records for Plaintiff.

It is so ordered.

Dated: December 7, 2021                                  Katherine A. Robertson
                                                         KATHERINE A. ROBERTSON
                                                         UNITED STATES MAGISTRATE JUDGE